# In the United States District Court for the Southern District of Georgia Waycross Division

PAMELA WALKER,

    Plaintiff,

v.

WAL-MART STORES EAST, LP, and JOHN DOES NOS. 1-10,

    Defendants.

No. 5:19-cv-47

## ORDER

Before the Court is Plaintiff Pamela Walker's Motion to Remand, dkt. no. 7. This Motion has been fully briefed and is ripe for review. For the following reasons, Plaintiff's Motion, dkt. no. 7, is **DENIED**.

## BACKGROUND

This case involves a slip and fall that occurred on or about December 14, 2016, on Defendant's premises, a Wal-Mart Supercenter. Dkt. No. 1-1 ¶ 6. On July 25, 2018, Plaintiff filed a complaint for damages. Dkt. No. 1-1. The original complaint did not request a specific, monetary amount for damages. Id. On September 4, 2018, Defendant served written discovery requests upon Plaintiff for hospital records, bills, and related information. Dkt. No. 11-1. On January 3, 2019, Plaintiff emailed

a settlement demand to Defendant. Dkt. No. 11-3. The email included a settlement demand of $175,000.00. Id. The only additional information to support the settlement demand was Plaintiff's counsel's statement that the offer was "[b]ased upon medical special damages of over $53,000.00, and in consideration for the unnecessary pain suffered by my client." Id. On June 3, 2019, Plaintiff provided supplemental discovery responses, as first requested by Defendant on September 4, 2018. Dkt. No. 11-6. Plaintiff's supplemental discovery documents included medical bills that for the first time specifically detailed the amount of Plaintiff's alleged damages.[1] Id. Defendant Wal-Mart Stores East, LP, filed a Notice of Removal in the United States District Court for the Southern District of Georgia on June 10, 2019. Dkt. No. 6. Plaintiff Pamela Walker filed a Motion to Remand the case back to the State Court of Coffee County on June 20, 2019. Dkt. No. 7.

## LEGAL STANDARD

28 U.S.C. § 1441 allows a defendant to remove a case to federal court when federal jurisdiction is present. 28 U.S.C. § 1446 states that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

---

[1] Although the email attaching the medical bills as supplemental discovery from Plaintiff to Defendant does not show the actual amount of damages, Defendant asserts that they totaled an amount above $75,000 (specifically $162,399.58), and based on those medical bills, Defendant removed the case to federal court. See Dkt. No. 11-6; Dkt. No. 1 ¶¶ 9-10.

2

from which it may first be ascertained that the case is one which is or has become removable."

"A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Butler v. Morgan, 562 F. App'x 832, 834 (11th Cir. 2014) (citing Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994)). In order for a federal court to have diversity jurisdiction, two things must be present: complete diversity of citizenship and an amount in controversy exceeding $75,000.00. See 28 U.S.C. § 1332.

## DISCUSSION

Plaintiff asserts that this case should be remanded back to state court because of the email sent by Plaintiff on January 3, 2019, demanding to settle the claim for $175,000.00. Dkt. No. 11-3. Plaintiff contends that the $175,000 settlement offer constituted an "other paper," within the meaning of 28 U.S.C. § 1446(b), and established that the amount in controversy requirement was over $75,000. Therefore, Plaintiff argues that

3

the settlement demand email put Defendant on notice that the case was removable.[2] See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Thus, pursuant to U.S.C. § 1446(b)(3), Plaintiff asserts that Defendant had thirty days from receiving the settlement demand January 3, 2019, to remove this action to federal court. Because Defendant did not remove this action until June 10, 2018, Plaintiff argues that the case should be remanded.

Defendant argues that the removal of this action was timely. Defendant claims that Plaintiff's supplemental discovery responses received on June 3, 2019, which disclosed "actual medical bills," constituted the first notice of the requisite amount in controversy. Dkt. No. 11. Defendant thus argues that it timely removed this action within thirty-day of receiving the supplemental discovery responses, which satisfies 28 U.S.C. § 1446(b)(3). Defendant bases this argument on the contention that the settlement demand email "does not determine whether the amount in controversy requirement has been satisfied." Dkt. No. 11 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)).

28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed

---

[2] It is undisputed that the parties are diverse for the purpose of federal jurisdiction. See Dkt. No. 1 ¶¶ 3-7.

4

within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, a defendant must remove a case within thirty days of receipt of a pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1212-13 (11th Cir. 2007) (stating that "regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal."). "Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify." Id. Courts in the Eleventh Circuit have held that "a settlement offer, by itself, does not determine whether the amount in controversy requirement has been satisfied, but 'it counts for something.'" Cross v. Wal-Mart Stores, East, LP, 2011 WL 976414, at *2 (M.D. Ga. 2011) (quoting Burns v. Windsor, 31 F.3d 1092, 1097 (11th Cir. 1994)). Courts in this Circuit have not established a clear rule on what "it counts for something" means with regard to settlement offers; rather, whether the settlement offer establishes an amount-in-controversy depends on supporting evidence and the validity of the offer. See Jackson v. Select Portfolio Serv., Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Unsurprisingly, courts have found that "[m]ore weight

should be given to a settlement demand if it is an 'honest assessment of damages.'" Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21 HL, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (quoting Jackson v. Am. Gen. Fin. Srvs., Inc., 2006 WL 839092, at *2 n.2 (M.D. Ga. Mar. 27, 2006)).

In this case, Plaintiff's settlement demand email is not sufficient to establish the amount in controversy because it does not qualify as an "other paper" under 28 U.S.C. § 1446(b). The demand email lacks the specificity and honest assessment of damages necessary to be considered an "other paper" that would have put Defendant on notice that the case had become removable. As a result, the thirty-day-removal window did not begin when Defendant received the settlement email.

The case of Golden Apple Management Co. v. Geac Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998), is instructive here. The court in Golden Apple found that "settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest [that] the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight" in determining if the amount in controversy has been met. Jackson, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting Golden Apple, 990 F. Supp. at 1368). The plaintiff in Golden Apple supplied a demand letter outlining "separate elements of hard damages, including software costs,

consultant costs and personnel costs." <u>Golden Apple</u>, 990 F. Supp. at 1368. Therefore, the court held that the demand letter did qualify as "other paper," thereby putting the defendant on notice of the case's removability. <u>Id.</u> at 1366.

Unlike the demand letter in <u>Golden Apple</u>, Plaintiff's settlement demand did not outline specific facts or costs proving why the medical special damages and consideration for unnecessary pain equated to $175,000.00. Instead, Plaintiff's email demanded $175,000 and based the demand only in "medical special damages of over $53,000.00, and in consideration for the unnecessary pain suffered by my client." Dkt. No. 11-3. This was not sufficient to establish the minimum amount-in-controversy. <u>See Jackson</u>, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (explaining that "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence"); <u>see also Buckner v. Pennsylvania Life Ins. Co.</u>, No. 4:09-CV-614-VEH, 2009 WL 10703163, at *5 (N.D. Ala. May 14, 2009) (distinguishing <u>Golden Apple</u> where the plaintiff emailed a "brief, one-paragraph response" in settlement negotiations and finding that such an email was "clearly posturing and [did] not amount to a reasonable assessment of the damages at issue").

Plaintiff's settlement email is more similar to "posturing," like the settlement demand in <u>Jackson v. Select Portfolio</u>

7

Servicing, Inc., 651 F. Supp. at 1281. In Jackson, the court held that the settlement demand did not qualify as "other paper," because it simply demanded a "'[l]ump sum payment of $155,000,' without the slightest suggestion [of] how in the world the plaintiffs could support such a figure." Id. The Jackson court explained further that "[t]he only detail in the letter is contained in the succeeding two paragraphs, which discuss other, non-monetary relief the plaintiffs desired as well." Id. Plaintiff's demand in this case is more like the "bald" demand in Jackson, as neither included details or facts supporting the amount stated.[3] Id.

However, the supplemental discovery documents supplied on June 3, 2019, which included medical bills indicating that the damages would be $162,399.58, did trigger the thirty-day period in which a notice of removal should have been filed, because the supplemental documents constituted an "other paper" pursuant to 28 U.S.C. § 1446. Dkt. No. 11. These supplemented discovery documents contained actual medical bills and costs that

---

[3] While it is true that some courts in other circuits have more lenient standards for what constitutes "other paper" in regards to settlement demands, see, e.g., Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759 (5th Cir. 2000) (holding that "[a] post-complaint letter concerning settlement terms, which is not plainly a sham, may be an 'other paper' within the meaning of the statute providing that a notice of removal may be filed within 30 after a defendant receives an amended pleading, motion order, or other paper from which it may first be ascertained that a case is removable."), the Court finds the cases in this Circuit requiring that settlement offers be more than "puffing and posturing" or bare assertions to qualify as "other paper" to be persuasive. See Jackson, 651 F. Supp. 2d at 1281; see also Golden Apple, 990 F. Supp. at 1368.

specifically put Defendant on notice that the amount in controversy was met, and therefore, that the case was removable. See Lambertson v. Go Fit, LLC, 918 F.Supp.2d 1283, 1283 (S.D. Fla. 2013) (explaining that "[t]he definition of 'other paper' for purposes of 30-day time limit for removal of action is broad and may include any formal or informal communication received by a defendant"). The settlement demand did not contain such specific information, and as a result, Defendant was not on notice of the case's removability until June 3, 2019. Thus, Defendant's removal on June 10, 2019, was timely.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand, dkt. no. 7, is **DENIED**.

**SO ORDERED**, this 12th day of August, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

72A
v. 8/82)

9